UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDGAR GONZALEZ,

                                  Plaintiff,

   v.                                                     9:25-CV-0763
                                                            (MAD/PJE)

SERGEANT SKULL, et al.,

                                  Defendants.
_____

APPEARANCES:

EDGAR GONZALEZ
Plaintiff, pro se
23-B-3287
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

HON. LETITIA JAMES                         ALEXANDRA L. GALUS, ESQ.
New York State Attorney General          Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

      Plaintiff Edgar Gonzalez commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). By Decision and Order entered on July 25, 2025, this Court granted plaintiff's IFP Application, reviewed the

1

complaint for sufficiency in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), dismissed certain of plaintiff's claims, and found that plaintiff's First Amendment retaliation claim against defendant Skull and Eighth Amendment excessive force claims against defendants Clark and Corrections Officer John Doe survived sua sponte review and required a response. Dkt. No. 8 ("July 2025 Order").

Presently before the Court is plaintiff's amended complaint. Dkt. No. 21 ("Am. Compl.").[1]

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

### A.     The Complaint and July 2025 Order

In his original complaint, plaintiff alleged that he was assaulted by defendants Corrections Officer Clark and Corrections Officer John Doe on July 2, 2024, and defendant Skull subsequently "threatened [plaintiff] with death . . . if he filed a grievance." Compl. at 2-4.

In addition to the aforementioned officials, the complaint named New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Martuscello and Mohawk Correctional Facility Warden John Doe as defendants. See Compl. at 1-2.

The complaint was construed to assert the following Section 1983 claims against the named defendants in their individual and official capacities: (1) a First Amendment retaliation claim against defendant Skull; (2) Eighth Amendment excessive force claims against defendants Clark and Corrections Officer John Doe; and (3) supervisory liability claims

---

[1] Defendants Clark and Skull have acknowledged service in this action. See Dkt. Nos. 19, 20.

against defendants DOCCS Commissioner Martuscello and Warden John Doe.  *See* July 2025 Order at 6.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), only plaintiff's First Amendment retaliation claim against defendant Skull and Eighth Amendment excessive force claims against defendants Clark and John Doe survived sua sponte review.  *See* July 2025 Order at 19.  Plaintiff's official capacity claims were dismissed with prejudice as barred by the Eleventh Amendment, and the remainder of his claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *Id.* at 13-16.

### B.   Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2025 Order and it will not be restated in this Decision and Order.  *See* July 2025 Order at 2-5.

Plaintiff's amended complaint is virtually identical to the original complaint, except that the pleading identifies Corrections Officer John Doe as J. Shunk, amends the spelling of Corrections Sergeant Skull to Corrections Sergeant Schultz, alleges that Schultz was also involved in the use-of-force incident on July 2, 2024, alleges that all three officials threatened plaintiff with further harm if he "made a complaint" about the incident, and no longer names any other officials as defendants.  *Compare* Compl. *with* Am. Compl.

Liberally construed, the amended complaint asserts First Amendment retaliation claims and Eighth Amendment excessive force and failure-to-intervene claims against the named defendants in their individual and official capacities.

### 1. Official Capacity Claims

As noted in the July 2025 Order, plaintiff's official capacity claims for money damages are barred by the Eleventh Amendment. *See* July 2025 Order at 7-8. Moreover, the amended complaint does not seek injunctive relief, and plaintiff is no longer incarcerated at Mohawk Correctional Facility.

Accordingly, and for the reasons set forth in the July 2025 Order, plaintiff's official capacity claims for money damages are dismissed without leave to renew pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment and for failure to state a claim upon which relief may be granted.

### 2. Individual Capacity Claims

The legal standard governing First Amendment retaliation claims and Eighth Amendment excessive force and failure-to-intervene claims was discussed at length in the July 2025 Order and will not be restated herein. *See* July 2025 Order at 10-13.

In light of the July 2025 Order, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), plaintiff's First Amendment retaliation claims and Eighth Amendment excessive force and failure-to-intervene claims against defendants Clark, Shunk, and Schultz survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

III.     CONCLUSION

WHEREFORE, it is hereby

ORDERED that the amended complaint (Dkt. No. 21) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

ORDERED that the Clerk shall update the docket as follows: (1) add Corrections Officer J. Shunk as a party in place of Corrections Officer John Doe; and (2) amend the spelling of Corrections Sergeant Skull to Corrections Sergeant K. Schultz; and it is further

ORDERED that plaintiff's official capacity claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment and for failure to state a claim upon which relief may be granted, without leave to renew; and it is further

ORDERED that plaintiff's First Amendment retaliation claims and Eighth Amendment excessive force and failure-to-intervene claims against defendants Clark, Shunk, and Schultz in their individual capacities SURVIVE sua sponte review and require a response; and it is further

ORDERED that the Clerk shall issue a summons for defendant Shunk and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon this official;[2] and it is further

---

[2] The Court assumes, for purposes of this Decision and Order, that Corrections Sergeant K. Schultz is the official who acknowledged service of the original complaint when his last name was indicated as "Skull." In the event counsel advises otherwise, the Clerk shall issue a summons for Corrections Sergeant K. Schultz. The Clerk need not re-issue a summons for Corrections Officer Clark because he has already appeared in this action.

**ORDERED** that upon the completion of service on all defendants, a response to plaintiff's amended complaint be filed by defendants Clark, Shunk, and Schultz, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED**.

Dated: December 3, 2025
Albany, NY

Mae A. D'Agostino
U.S. District Judge