**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**EDGAR GONZALEZ,**

**Plaintiff,**

**vs.**

**9:25-CV-763 (MAD/PJE)**

**SGT. K. SCHULTZ, C.O. CLARK, and J. SHUNK,**

**Defendants.**

---

**APPEARANCES:** **OF COUNSEL:**

**EDGAR GONZALEZ**
65 Jefferson Street
Apt 4B
New York, New York 10002
Plaintiff, *Pro se*

**OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL** — **ALEXANDRA L. GALUS, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

*Pro se* Plaintiff Edgar Gonzalez filed a complaint on June 13, 2025. *See* Dkt. No. 1. The Court construed the complaint as raising Eighth Amendment excessive force and First Amendment retaliation claims. *See* Dkt. No. 8. Plaintiff filed an amended complaint on October 30, 2025, against Defendants Sgt. K. Schultz, C.O. Clark, and C.O. J. Shunk stemming from conduct that occurred while he was incarcerated at Mohawk Correctional Facility. *See* Dkt. No. 21. On December 3, 2025, the Court permitted Plaintiff's First Amendment retaliation claims and

Eighth Amendment excessive force and failure-to-intervene claims to proceed past initial review. *See* Dkt. No. 24.

On February 2, 2026, Defendants filed a motion to dismiss only the First Amendment claim. *See* Dkt. No. 30.[1] Plaintiff responded in opposition, *see* Dkt. No. 35, and Defendants filed a reply, *see* Dkt. No. 36. With the Court's permission, Plaintiff filed a sur-reply. *See* Dkt. Nos. 38, 39. Presently before the Court is Magistrate Judge Paul J. Evangelista's Report-Recommendation & Order recommending that the Court deny Defendants' motion to dismiss. *See* Dkt. No. 40. The deadline for either party to file objections was July 30, 2026. *See id.*

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, neither party has objected to the Report-Recommendation & Order; therefore, the Court will review Magistrate Judge Evangelista's recommendations for clear error. First, the Court assumes the parties' familiarity with the factual allegations set forth in Plaintiff's amended complaint as well as the arguments and allegations set forth in the parties' papers. Second, the

[1] Defendants identify themselves as Karl Shulz, Gregory Clark, and Joseph Shunk. See Dkt. No. 30-1. The Clerk of the Court is respectfully directed to amend the docket, accordingly.

Court finds no clear error in Magistrate Judge Evangelista's recitation of the law applicable to a First Amendment claim. *See* Dkt. No. 40. Third, the Court finds no clear error in Magistrate Judge Evangelista's application of the laws to facts of the case.

Magistrate Judge Evangelista thoroughly analyzed whether Plaintiff has sufficiently stated that he engaged in a protected activity which was the cause of Defendants' retaliatory conduct. *See* Dkt. No. 40 at 7-13. The Court agrees that Plaintiff's allegations that he filed a complaint with the Office of Special Investigation a few days before he was physically assaulted by Defendants who purportedly referenced Plaintiff's complaint during the assault, sufficiently states a First Amendment claim at this stage. *See Mateo v. Fischer*, 682 F. Supp. 2d 423, 435 (S.D.N.Y. 2010) ("Mateo says that Miller filed the report the day after Mateo filed a sexual harassment grievance against Miller. . . . . Mateo's retaliation claim against Miller for filing a false misbehavior report will survive dismissal); *cf. Morrow v. Bauersfeld*, No. 21-CV-2928, 2022 WL 17097590, *2 (2d Cir. Nov. 22, 2022) (reiterating that the Second Circuit has "repeatedly held that temporal proximity alone is insufficient for a prisoner's retaliation claim to survive summary judgment").

Finally, the Court notes that, in reviewing Defendants' motion to dismiss and the parties' papers, Magistrate Judge Evangelista considered statements and an exhibit that were not included in Plaintiff's amended complaint. *See* Dkt. No. 40 at 4 n.6, 5, 7 n.6. The Court finds no clear error in that decision. *See Ashmeade v. Amazon.com*, No. 23-CV-4331, 2026 WL 880645, *3 (S.D.N.Y. Mar. 31, 2026) ("Although the Court would be justified in disregarding these allegations on the basis of their being raised for the first time in the Sur-reply, in recognition of Plaintiff's *pro se* status the Court has considered these allegations"). The Court will, however, order that Plaintiff file a second amended complaint which includes the allegations and exhibit

that were considered by Magistrate Judge Evangelista. Plaintiff must do so within thirty days of the filing of this Order. Plaintiff is cautioned that the second amended complaint will be deemed a complete pleading which cannot incorporate past filings by reference. The second amended complaint shall not state any new claims which have not been permitted to proceed by the Court.

After carefully reviewing the Report-Recommendation & Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation & Order (Dkt. No. 40) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 30) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall amend the docket to reflect the full and accurate spelling of Defendants' names: Karl Shulz, Gregory Clark, and Joseph Shunk; and the Court further

**ORDERS** that Plaintiff shall file a second amended complaint within **thirty (30) days** of the filing of this Order setting forth the allegations that were considered by Magistrate Judge Evangelista in reviewing the motion to dismiss; and the Court further

**ORDERS** that the case shall be referred to Magistrate Judge Evangelista for discovery; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge